IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS C. DALEY, | : | 4:CV-04-2213 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| FIRETREE, LTD., and KENN HALL, | : | |
| Defendants. | : | |

**M E M O R A N D U M**

January 19, 2006

**BACKGROUND:**

Plaintiff, Dr. Dennis C. Daley, Ph.D., initiated this action by filing a complaint on October 7, 2004 against defendants Firetree, Ltd. and Kenn Hall. According to the complaint, Dr. Daley is a leading expert in the field of alcohol and drug addiction and dual disorder treatment, and is employed by the University of Pittsburgh School of Medicine. Firetree and its Corporate Clinical Director Kenn Hall are engaged in the treatment of alcohol and drug addiction in the Williamsport area. In his three-count complaint, plaintiff alleges copyright infringement under the federal Copyright Act (Count I), unfair competition under the common law (Count II), and tortious interference with advantageous business relations (Count III). Jurisdiction of this court is based upon 28 U.S.C. § 1338(a) as to Count I, §

1338(b) as to Count II and § 1367(a) as to Count III.

Before the court is a motion for partial judgment on the pleadings filed by defendants on October 25, 2005. A brief in support of this motion was filed the same day.[1] Plaintiff filed a three-page response devoid of citation to legal authority on November 14, 2005. For the following reasons, we will dismiss plaintiff's unfair competition and tortious interference claims, and order that plaintiff be limited to a single award of statutory damages for each work proved to be infringed, consistent with 17 U.S.C. § 504.

**ANALYSIS:**

### A.  Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Judgment will not be granted unless the movant clearly established there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir.

---

[1] We note that the motion and brief filed by defendants, as well as the complaint filed by plaintiff, fail in several respects to comply with the Local Rules of the Middle District of Pennsylvania. Counsel are referred to Local Rule 5.1(c), which provides that the typeface "shall not be smaller than 14 point word processing font" and "[t]he text must be double-spaced." We expect that all future filings will strictly comply with the Local Rules.

2005) (citing Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)). We are required to view the facts as alleged in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Id.

### B.  Preemption of State Common Law Claims

The Copyright Clause of the United States Constitution "neither explicitly precludes the States from granting copyrights nor grants such authority exclusively to the Federal Government." Goldstein v. California, 412 U.S. 546, 560 (1973). And so it was, until Congress amended the Copyright Act in 1976, that state-law copyright schemes coexisted alongside the federal copyright laws. See, e.g., Fun-Damental Too, Ltd. v. Universal Music Group, Inc., No. Civ. A. 97-1595, 1997 WL 381608, at *1 (E.D. Pa. July 8, 1997) (Dalzell, J.). However, the 1976 amendments "eliminated the dual copyright systems and expressly preempted state copyright laws or their equivalents." Id. The question raised by defendants' motion here is whether Dr. Daley's state law claims are preempted by the federal copyright laws.

Section 301(a) of the Copyright Act provides in relevant part that:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title . . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

District courts have applied a two-part test to determine whether a given claim is preempted by section 301. See Long v. Quality Computers & Applications, Inc., 860 F. Supp. 191, 196 (M.D. Pa. 1994) (Caldwell, J.); Fun-Damental Too, 1997 WL 381608, at *2. Accordingly, a state law cause of action is preempted by federal copyright law if (1) the subject matter of the claim falls within the subject matter of copyright law, and (2) the asserted state law right is "equivalent" to any of the exclusive rights specified by 17 U.S.C. § 106. The first prong of the test is called the "subject matter requirement," and the second prong is called the "general scope requirement." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004).

Here, the subject matter requirement is easily satisfied. The parties implicitly agree that the "literary works" authored by Dr. Daley fall within the subject matter

of copyright law. See 17 U.S.C. § 102(a)(1) (establishing copyright protection for works of authorship including "literary works"); (Complaint, Rec. Doc. No. 1, at ¶ 4) (describing the subject of the suit as Dr. Daley's "copyrighted literary works").

The second prong of the test requires us to determine if Dr. Daley's state law claims are "equivalent" to the exclusive rights provided by section 106. Section 106 reserves for the owner of a copyright the exclusive rights to do and to authorize a number of things, including to reproduce the copyrighted work, prepare derivative works, and distribute copies to the public. 17 U.S.C. § 106. The Third Circuit has used the "extra element" test to determine the question of equivalence in a preemption analysis. See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, 307 F.3d 197, 217-18 (3d Cir. 2002) (discussing and applying the First Circuit's formulation of the extra element test in a state law claim alleging the misappropriation of trade secrets).

In Dun & Bradstreet, the Third Circuit favorably quoted the holding of its sister circuit in Data Gen. Corp. v Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994). In Data General, the First Circuit held that "if a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement

claim and federal law will not preempt the state action." (emphasis added). "To determine whether a claim is qualitatively different, we look at what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." Briarpatch, 373 F.3d at 306 (quotations and citations omitted). "Not every extra element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law." Dun & Bradstreet, 307 F.3d at 218 (citing Data Gen. Corp, 36 F.3d at 1164-65). Indeed, courts have taken a "restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." Briarpatch, 373 F.3d at 306 (citation omitted).

Our analysis below leads us to the conclusion that the plaintiff has not, as a matter of law, alleged state law claims that contain an extra element making them qualitatively different from his copyright infringement claim.

*1. Plaintiff's state law claims for unfair competition are preempted by the Copyright Act.*

In Count II of the complaint, plaintiff charges that the defendants have engaged in unfair competition in violation of common law. The complaint asserts that the defendants are direct competitors of plaintiff and his employer and that the "illegal copying and unauthorized use or sale of Plaintiff's copyrighted works by

Defendants constitutes a passing off of the business and goods of Defendants for those of Dr. Daly and is a fraud and deception upon the public." (Rec. Doc. No. 1, at ¶ 27.)  Plaintiff argues that the acts of defendants "constitute unfair competition and an unfair trade Practice under common law and have damaged and will continue to damage Dr. Daley through the loss of good will and injury to his reputation." (Id. at ¶ 28.)

Defendants, in their motion for partial judgment on the pleadings, point out that the behavior alleged in this count, termed "passing off" by the plaintiff, would actually constitute "reverse passing off."  The distinction is critical because unfair competition claims alleging "reverse passing off" are preempted by the Copyright Act, while claims alleging "passing off" are not.  See Fun-Damental, Too, 1997 WL 381608, at *4; Schiffer Publ'g , Ltd. v. Chronicle Books, LLC, 350 F. Supp. 2d 613, 619-20 (E.D. Pa. 2004) (Schiller, J.) (unfair competition claim under reverse passing off theory preempted); Wilson v. Mr. Tee's, 855 F. Supp. 679, 684 (D.N.J. 1994) (Fisher, J.) (unfair competition claims involving passing off are not preempted, while claims involving "imitation" are preempted); Tannock v. Review Trading Corp., Inc., Civ. A. No. 85-2864, 1986 WL 15150, at *4-5 (D.N.J. May 2, 1986) (Gerry, J.) (stating that "[c]ourts interpreting 17 U.S.C. § 301 have consistently held that unfair competition actions arising from an allegedly

unauthorized copying or other acts which would violate the exclusive rights within the general scope of copyright are preempted by the Copyright Act," but leaving open possibility that tort of "palming off" may not be preempted).

"Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28 n.1 (2003) (citing O. & W. Thum Co. v. Dickinson, 245 F. 609, 621 (6th Cir. 1917)). In other words, "passing off" occurs when "A" sells "A's" product under "B's" name. See Waldman Pub. Corp. v. Landoll, Inc., 43 F.3d 775, 780 (2d Cir. 1994). A state law unfair competition claim alleging the tort of "passing off" is not preempted, because it does "not entail the assertion of rights equivalent to those protected by federal copyright law." Lone Wolf McQuade Assocs. v. CBS Inc., 961 F. Supp. 587, 599 (S.D.N.Y. 1997).

Conversely, a wrongdoer commits the tort of "reverse passing off" when "[t]he producer misrepresents someone else's goods or services as his own." Dastar Corp., 539 U.S. at 28 n.1 (citing Williams v. Curtiss-Wright Corp., 691 F.2d 168, 172 (3d Cir. 1982)). That is, "A" copies "B's" work without permission and claims it as "A's" own. Courts have held that section 301 preempts state law claims for "reverse passing off" that are based on the alleged unauthorized copying

and use of another's copyrighted expression. See Fun-Damental, Too, 1997 WL 381608 at *4-5 (citing cases and 2 Paul Goldstein, Copyright § 15.16.1.3, at 595-96 (1989)) ("Courts have held that section 301 preempts actions for 'reverse passing off' in which the defendant copies the plaintiff's work and passes it off as defendant's."); Reinke & Assocs. Architects Inc. v. Cluxton, No. 02-CV-0725, 2003 WL 1338485, at *2 (N.D. Ill. Mar. 18, 2003) ("unfair competition claims premised on 'reverse passing off' are preempted"); Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc., 223 F. Supp. 2d 953, 959 (N.D. Ill. 2002) (finding that unfair competition claim alleging reverse passing off is preempted because the crux of the claim "is the same conduct necessary to support a copyright infringement claim"); Xerox Corp. v. Apple Computer, Inc., 734 F. Supp. 1542, 1550 (N.D. Cal. 1990) ("Xerox alleges that Apple is selling Xerox' work as its own. Xerox' theory, thus, is based upon the premise that Apple's products incorporate elements copyrighted by Xerox and misappropriated by Apple–unlawfully copied in violation of § 103(a) of the Copyright Act. This theory is the opposite of 'passing off' and must necessarily be viewed as part of Xerox' copyright claim. Any such misappropriation must be redressed, if at all, under federal law.")

In this case, the plaintiff's grievance is best characterized as a "reverse

passing off" claim.  Plaintiff complains that defendants have copied his copyrighted literary works and distributed them as defendants' own.  The gravamen of plaintiff's unfair competition claim as stated in the complaint is that defendants engaged in "[t]he illegal copying and unauthorized use or sale of Plaintiff's copyrighted works."  (Rec. Doc. No. 1, at ¶ 27.)  Copying and distribution are two of the enumerated exclusive rights in copyrighted works granted to the owner of a copyright by section 106.  17 U.S.C. § 106(1) and (3).

Applying the extra element test here leads us to the conclusion that plaintiff's unfair competition claim is preempted, because it is grounded solely in the copying and distributing of plaintiff's protected expression.  See Kregos v. Assoc. Press, 3 F.3d 656, 666 (2d Cir. 1992).  Plaintiff does allege that defendants' actions are "likely to cause mistake, confuse or deceive the general public."  (Rec. Doc. No. 1, at ¶ 26.)  However, this allegation is not enough to pass the extra element test.

The fact that patients may have been misled as to the author of the literary works does not make the unfair competition claim qualitatively different from the copyright claim; both rest squarely on the unauthorized act of copying and distributing.  See Fun-Damental, Too, 1997 WL 381608, at *6 ("The mere allegation that the public-at-large is being mislead or confused as to the origin of the [protected work] at issue here does not change our analysis."); FASA Corp., 869

10

F. Supp. 2d at 1363 ("The fact that the defendants were selling the allegedly infringing works under their own names–and, hence, implicitly misrepresenting the origin of the works or causing confusion in the consuming public–did not alter the analysis" because this fact did not qualitatively alter the nature of the underlying infringement claim.)  Any confusion experienced by patients or the public is a <u>result</u> of the alleged unlawful copying and distributing, and does not make the unfair competition claim qualitatively different from the copyright claim.  The wrongful act of defendants in each case is the same: copying and distributing.  The absence of an extra element that would make the unfair competition claim qualitatively different from the federal claim renders the unfair competition claim "equivalent" to plaintiff's claim under the Copyright Act.

In plaintiff's opposition to defendants' motion for partial judgment on the pleadings, plaintiff also claims that "the illegal copying and distribution take on an unfair competition mantle because both Plaintiff and Defendants are involved in providing programs addressed to addicted persons and their families." (Rec. Doc. No. 28, at 2.)  Plaintiff argues that because other treatment facilities located in close geographic proximity to defendants' facility do <u>not</u> infringe plaintiff's works, defendants have a "price competitive edge over their competition." (<u>Id.</u>)  Plaintiff states, without citation to legal authority, that this situation "is a significant aspect of

the state common law unfair competition claims." (Id.)

We fail to see how these unsupported arguments render plaintiff's claim of unfair competition to be "qualitatively different" from the copyright infringement claim. Plaintiff seeks to protect his interest in his literary works under the theory that defendants' alleged illegal use of the works gives them an unfair competitive edge with respect to other treatment facilities in central Pennsylvania. But it is the alleged copying and distribution, and not any price advantage, that plaintiff seeks to be compensated for and prevent in the future. It is clear that the specific rights plaintiff is trying to enforce are the exclusive rights of copying and distributing, as provided by section 106.

After considering "what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced," Briarpatch, 373 F.3d at 306, we find that plaintiff's unfair competition claim is not qualitatively different from its copyright infringement claim. Applying the two-part test derived from section 301, we find that because the common law cause of action both falls within the subject matter of copyright law and is equivalent to two of the exclusive rights specified by 17 U.S.C. § 106, the unfair competition claim is preempted by the Copyright Act.

2.  *Plaintiff's state law claim for tortious interference is preempted by the Copyright Act.*

We evaluate plaintiff's state law claim for tortious interference using the same analysis. The complaint alleges in Count III that the defendants, by copying and distributing plaintiff's literary works, have interfered with plaintiff's "current and prospective contractual and business relationships with his clients and/or patients." (Rec. Doc. No. 1, at ¶ 32.) The plaintiff asks that the defendants and their agents "be enjoined and restrained permanently from illegally copying" Dr. Daley's literary works "and from causing or permitting the same works to be publicly used in Defendants' said premises." (Rec. Doc. No. 1, at Count III "Wherefore" clause.)

In this count, plaintiff complains that defendants have copied and distributed his works. Plaintiff asks the court to enjoin defendants from this precise conduct. As mentioned in our preceding analysis, copying and distributing are exclusive rights of the owner of a copyright under section 106. 17 U.S.C. § 106.

Plaintiff's tortious interference claim is preempted by federal law because it does not qualitatively differ from a claim made under the Copyright Act. It is indistinguishable from the claim for copyright infringement and fails the extra element test. This conclusion comports with numerous decisions of federal courts

13

holding tortious interference claims to be preempted by federal law. See, e.g., Long, 860 F. Supp. 196-97 (tortious interference claim fails the extra element test); MCS Servs., Inc. v. Johnsen, No. Civ.A. 01-4430, 2002 WL 32348500, at *7-8 (E.D. Pa. Aug. 13, 2002) (Surrick, J.) (collecting cases); FASA Corp. v. Playmates Toys, Inc., 869 F. Supp. 1334, 1359 (N.D. Ill. 1994) (collecting cases).

Plaintiff's opposition to defendants' motion for partial judgment on the pleadings on the tortious interference claim is comprised of a single sentence: "Similarly, Plaintiff can sell fewer new books (3rd edition), when Defendants are copying and giving hundreds of their customers photocopies of the old books (1st edition)." (Rec. Doc. No. 28, at 3.)  Plaintiff essentially argues that the defendants' illegal distribution of plaintiff's literary works interferes with plaintiff's exclusive rights to distribute the works and derive financial benefit therefrom. Such a claim is preempted by federal law. See, e.g., MCS Servs., Inc., 2002 WL 32348500, at *7 (citing 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyrights § 1.01[B][1][a]) ("Insofar as unauthorized reproduction, distribution, performance or display causes the plaintiff to lose the benefits that would flow from an actual or prospective contract whereby plaintiff would authorize any such acts, the rights created by the tort of contract interference do not appear to differ qualitatively from rights under copyright . . . .")

Plaintiff's claim for tortious interference with advantageous business relations will therefore be dismissed.

### C.  Statutory Damages

In plaintiff's prayer for relief, he requests, <u>inter alia</u>, statutory damages pursuant to 17 U.S.C. § 504(c)(2) "for each cause of action for willful infringement." The defendants argue that plaintiff is limited to a single award of statutory damages under the Copyright Act for each work proved to be infringed. Plaintiff responds that, because there are two works allegedly infringed (<u>Relapse Prevention Workbook</u> (First Edition 1986) and its Spanish translation, <u>Prevencion de la Recaida</u> (First Edition 1993)), and two defendants, plaintiff is entitled to a possible four awards of statutory damages.

Generally, an infringer of copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer, <u>or</u> statutory damages. 17 U.S.C. § 504(a). Section 504(c) provides the calculus for awarding statutory damages. 17 U.S.C. § 504(c)(1) provides in relevant part that:

> the copyright owner may elect, at any time before final
> judgment is rendered, to recover, instead of actual
> damages and profits, an award of statutory damages
> for all infringements involved in the action, with respect
> to any one work, for which any one infringer is liable
> individually, or for which any two or more infringers are
> liable jointly and severally, in a sum of not less than
> $750 or more than $30,000 as the court considers just.

Section 504(c)(2) provides that an award for willful infringement may be increased to not more than $150,000, and that the statutory damages for an innocent infringement may be reduced to a sum of not less than $200. 17 U.S.C. § 504(c)(2). We agree with the defendants, and plaintiff concedes, that the statutory language permits but one award of statutory damages for each work proved to be infringed. At this time the record is undeveloped and it is unclear whether plaintiff can prove infringement for each of the two works, if at all. It is also unclear at this point whether the defendants, if found to have infringed the copyrights, would be "liable individually" or "liable jointly and severally," as 17 U.S.C. § 504(c)(1) provides. We will therefore order that plaintiff will be limited to one award of statutory damages for each work proved to be infringed, consistent with the language of 17 U.S.C. § 504.

**CONCLUSION:**

For the foregoing reasons, we will dismiss plaintiff's unfair competition and tortious interference claims as preempted by federal law.  We will also order that plaintiff be limited to a single award of statutory damages for each work proved to be infringed, consistent with 17 U.S.C. § 504.

        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS C. DALEY, | : | 4:CV-04-2213 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| FIRETREE, LTD., and KENN HALL, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

January 19, 2006

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for partial judgment on the pleadings (Rec. Doc. No. 26, filed October 25, 2005) is granted, to the extent of the relief provided in this order.

2. Plaintiff's claim for unfair competition under common law (Count II) is dismissed as preempted by the Copyright Act.

1

3. Plaintiff's claim for tortious interference with advantageous business relations (Count III) is dismissed as preempted by the Copyright Act.

4. Plaintiff is limited to one award of statutory damages per work infringed, consistent with the language of 17 U.S.C. § 504.

                                                     s/ James F. McClure, Jr.
                                                   James F. McClure, Jr.
                                                   United States District Judge